**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4828**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

DEVON TREMAINE ROSE,

                Defendant – Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.  (5:07-cr-00011-RLV-DCK-1)

_____

Submitted:  June 24, 2010            Decided:  July 8, 2010

_____

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Roderick G. Davis, THE LAW OFFICE OF RODERICK G. DAVIS, PLLC,
Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Devon Tremaine Rose pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (2006). The district court granted the Government's motion for a downward departure based on Rose's substantial assistance, U.S. Sentencing Guidelines Manual § 5K1.1 (2007), and sentenced him to 144 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning whether the sentence imposed was unreasonable when compared with the sentence imposed on a similarly situated co-conspirator. Rose was advised of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm Rose's conviction and sentence.

Initially, although not challenged by Rose, we find that his guilty plea is valid. Rose consented to have his plea taken by a magistrate judge. During the plea hearing, the magistrate judge fully complied with the mandates of Fed. R. Crim. P. 11 in accepting Rose's guilty plea and ensured that Rose entered his plea knowingly and voluntarily. Rose stipulated to the existence of a factual basis and agreed that the offense conduct in the presentence report could be relied upon to establish a factual basis. Accordingly, we affirm

2

Rose's conviction.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

A sentence is reviewed for reasonableness under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, this court must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence.  Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review").  Properly preserved claims of procedural error are subject to harmless error review.  Lynn, 592 F.3d at 576.  If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence.  Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Rose argues that his sentence is procedurally unreasonable because the district court did not consider

§ 3553(a)(6) and the need to avoid unwarranted sentence disparities among similarly situated defendants. Rose properly preserved the issue by arguing in the district court for a sentence below the advisory guideline range determined after granting the Government's § 5K1.1 motion. See Lynn, 592 F.3d at 577-78.

The court properly calculated the advisory guideline range and appropriately granted the Government's motion for a downward departure based on Rose's substantial assistance. Although Rose sought an additional downward departure based on the lower sentence received by a co-conspirator with a similar criminal history, the court denied this request, noting that "there is no disparity here to be recognized in that each case has a plethora of facts to be considered."

The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court must "place on the record an individualized assessment based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." Carter, 564 F.3d at 330 (internal quotation marks, footnote, and citation omitted). This is true even when the district court

4

sentences a defendant within the applicable guidelines range. Id.

Here, the district court explicitly considered Rose's sole argument for a downward variance—that his sentence resulted in an unwarranted disparity between his sentence and that of a similarly situated co-conspirator. The court found that no disparity resulted and declined to impose a variance sentence on this basis. We find that any error by the district court in failing to provide a more explicit explanation for the 144-month, within-guidelines sentence it imposed is harmless. See Lynn, 592 F.3d at 582; see also Rita v. United States, 551 U.S. 338, 359 (2007) ("Where . . . the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."). Accordingly, we affirm Rose's sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Rose's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that

5

a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED